FILED
CLERK
9/16/2016 3:17 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE LANDTEK GROUP, INC.,

        Plaintiff,

  -against-

NORTH AMERICAN SPECIALTY FLOORING,
INC., d/b/a TRACTION USA, SPORTS
SURFACING, INC., MARK BEZIK, and KING
ARTHUR INDUSTRIES CO. LTD.,

        Defendants.
----------------------------------------------------------------X
NORTH AMERICAN SPECIALTY FLOORING,
INC., d/b/a TRACTION USA, SPORTS
SURFACING, INC., and MARK BEZIK,

        Third-Party Plaintiffs,

  -against-

PIONEER ASPHALT PAVING CONTRACTOR,
LLC, PIONEER ASPHALT PAVING, INC., and
PIONEER LANDSCAPING AND ASPHALT
PAVING, INC.,

        Third-Party Defendants.
----------------------------------------------------------------X

**ORDER**
14-CV-1095 (SJF)(AKT)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated August 12, 2016 ("the Report"), (1) recommending that the motions of defendant King Arthur Industries Co. Ltd. ("KAI") and third-party defendants Pioneer Asphalt Paving Contractor, LLC, Pioneer Asphalt Paving, Inc. and Pioneer Landscaping and Asphalt Paving, Inc. (collectively, "Pioneer") seeking, *inter alia*, summary judgment dismissing the claims against them pursuant to Rule 56 of the Federal Rules

1

of Civil Procedure be granted; and (2) advising the parties, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, [they] shall have fourteen (14) days from service of th[e] Report . . . to file written objections[,]" (Report at 101) (also citing Fed. R. Civ. P. 6(a), (e)), and (b) that a "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (*Id.*) (*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)).

A copy of the Report was served upon counsel for all parties via ECF on August 12, 2016. (*See* Docket Entry ["DE"] 132). However, only defendants/third-party plaintiffs North American Specialty Flooring, Inc., d/b/a Traction USA, Sports Surfacing, Inc. and Mark Bezik (collectively, "NASF") filed timely objections to the Report. For the reasons stated herein, Magistrate Judge Tomlinson's Report is accepted in its entirety.

I. DISCUSSION

    A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive

matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).


B.  KAI's Motion for Summary Judgment

Since no party has filed any objections to so much of the Report as recommends that KAI's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in" that portion of the Report. *Spence*, 219 F.3d at 174. Moreover, as that portion of the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections thereto in the interests of

3

justice. Accordingly, the branch of the Report recommending that KAI's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted is accepted in its entirety and, for the reasons set forth therein, KAI's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's claims against KAI are dismissed in their entirety with prejudice.

        C.        Pioneer's Motion for Summary Judgment

With respect to NASF's negligence claim against Pioneer, NASF alleges, *inter alia*, that Magistrate Judge Tomlinson erred: (1) in failing (a) "to consider all of the facts and documents presented in admissible evidence . . . in the light most favorable to the non-movants NASF[,]" (NASF Obj., ¶ 5) (emphasis omitted), and (b) to "distinguish between two concepts in track installation– namely planarity and compaction[,]" (*id.*, ¶ 8); (2) in finding (a) that the track components are together one system that cannot be distinguished once construction has been completed[,]" (*id.*, ¶ 9), (b) "that contract sections 10.9 in the subcontracts between [plaintiff The Landtek Group, Inc. ('Landtek')] and NASF require NASF to inspect for compaction[,]" (*id.*, ¶ 10), (c) that the "other property" exception to the "economic loss rule" does not apply, (*see id.*, ¶¶ 14-16), (d) "that the actions of Pioneer were not 'affirmative' enough to constitute launching a force of harm[,]" (*id.*, ¶ 17; *see also id.*, ¶¶ 18-28, 31), and (e) "that NASF failed to establish the existence of a duty owed by Pioneer to NASF[,]" (*id.*, ¶ 35); (3) in "rel[ying] too heavily on evidence from Pioneer's Mr. Cox deposition and ignor[ing] that of the affidavit of Mark Bezik and the deposition of Dennis Kellerman of Pioneer supporting the NASF opposition[,]" (*id.*, ¶ 11); (4) in "ignor[ing] the weather reports and requirements of [the] New York State Department of Transportation requiring asphalt to be laid in temperatures above those of the days in November and December when the asphalt for [North Shore High School ('NSHS')] was

4

installed[,]" (*id.*, ¶ 12); (5) in "overlook[ing] the expert opinion of one of the foremost asphalt experts in the United States and substitut[ing] her judgment over his as to what was an 'affirmative' act without any *Daubert* analysis[,]" (*id.*, ¶ 13); (6) in "mischaracteriz[ing] th[e] 'under compaction' [of asphalt] as inaction or omission," (*id.*, ¶ 20); (7) in weighing the competing testimony "about the Pioneer activity," (*id.*, ¶ 29); (8) in "misapprehend[ing] the nature of the construction at these running tracks at public schools as being mere business relations not affecting public rights[,]" (*id.*, ¶ 32); and (9) in "cit[ing] multiple cases throughout the Report that are not on point or far afield of the limited claim in this third party action[,]" (*id.*, ¶ 33; *see also id.*, ¶¶ 15, 21-28, 30, 31).

With respect to NASF's estoppel claims, NASF alleges, *inter alia*, the Magistrate Judge Tomlinson erred in finding (1) that "NASF has not established sufficient evidence to demonstrate that Pioneer made a clear and unequivocal promise specifically directed towards NASF that could support a claim for promissory estoppel[,]" (Report at 91; *see* NASF Obj., ¶ 41); (2) that "[t]he generalized assertions, as stated in NASF's Complaint concerning Pioneer's reputation and expertise, without more, does [sic] not create a triable issue of material fact[,]" (Report at 91; *see* NASF Obj., ¶ 12); and (c) "that NASF's independent contractual duty to inspect (which is not denied) was the equivalent of requiring NASF to inspect the compaction of asphalt which has to be done by expert engineers with cores carved out of the asphalt and tested in laboratories[,]" (*id.*, ¶ 43; *see also id.*, ¶ 45).

With respect to NASF's breach of warranty claim, NASF alleges, *inter alia*, that Magistrate Judge Tomlinson erred: (1) in finding (a) that the Uniform Commercial Code ("UCC") does not apply because "Pioneer's activity is primarily a service as opposed to a sale of asphalt for purposes of the Warranty claim[,]" (NASF Obj., ¶ 46; *see also id.*, ¶ 48), and (b) "that the claim of breach of warranty requires privity, where a third party property damage claim is

5

being made as a result of breach of implied warranty[,]" (*id.*, ¶ 47); and (2) in relying upon cases that "are not applicable to this fact pattern[,]" (*id.*, ¶ 50).

Upon *de novo* review of the Report, the operative pleadings and all motion papers relating to NASF's motion, and consideration of NASF's objections to the Report and Pioneer's response thereto, so much of the Report as recommends that Pioneer's motion for summary judgment be granted is accepted in its entirety, and, for the reasons set forth in the Report, Pioneer's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and NASF's claims against Pioneer are dismissed in their entirety with prejudice.

II. CONCLUSION

Upon *de novo* review of the Report, the operative pleadings and all motion papers relating to NASF's motion, and consideration of NASF's objections to the Report and Pioneer's response thereto, so much of the Report as recommends that Pioneer's motion for summary judgment be granted is accepted in its entirety, and, for the reasons set forth in the Report, Pioneer's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and NASF's claims against Pioneer are dismissed in their entirety with prejudice.

SO ORDERED.

                                                    /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated: September 16, 2016
       Central Islip, New York